UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CRIMINAL CASE NO. 3:16-cr-00307-RJC-DCK-1

| | |
|---|---|
| JAMIE BLUNDER, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**THIS MATTER** is before the Court on the Petitioner's Pro Se Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255. [Doc. 351].

**I.    BACKGROUND**

On November 18, 2016, a grand jury indicted Petitioner on one count of cocaine trafficking conspiracy – from October 2013 to November 2016 – in violation of 21 U.S.C. §§ 841(a)(1) and 846, alleging that five (5) kilograms or more of a mixture and substance containing a detectable amount of cocaine was reasonably foreseeable to Petitioner, implicating 21 U.S.C. § 841(b)(1)(A), (Count One) and on one count of possessing a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A) (Count Two). [Doc. 61: Bill of Indictment]. On April 20, 2017, Petitioner was charged in a Superseding Bill of Indictment. [Doc. 139: Superseding Bill of Indictment]. The Superseding Bill expanded the dates of the conspiracy to from 2002 to November 2016; alleged that the conspiracy involved cocaine and crack cocaine, or cocaine base; alleged that five kilograms or more of cocaine and 280 grams or more of cocaine base were reasonably foreseeable to Petitioner, implicating 21 U.S.C. §841(b)(1)(A); and retained the § 924(c) charge. [Id. at 1-2]. Petitioner pleaded not guilty and proceeded to trial. The jury found Petitioner guilty

on both counts. [Doc. 211: Jury Verdict]. The Court sentenced Petitioner to a term of 240 months in prison for the conspiracy offense and a consecutive term of 60 months for the firearm offense. [Doc. 320 at 46: Sentencing Tr.]. Petitioner appealed, and the Fourth Circuit affirmed. United States v. Blunder, 795 Fed. App'x 180, 183 (4th Cir. 2019).

On or around September 22, 2020, Petitioner filed a motion to vacate under 28 U.S.C. § 2255, which the Court denied and dismissed on the merits. [Docs. 343, 346]. On July 26, 2024, Petitioner filed the instant § 2255 motion to vacate in which he primarily claims malfeasance by the Government in its prosecution of him and seeks that his sentence be vacated and that he be immediately released from prison. [Doc. 351; see Doc. 351-1 at 24]. Petitioner attaches various records to his motion to vacate, including the Fourth Circuit's denial of Petitioner's motion for an order authorizing this Court to consider a second or successive application for relief under § 2255. [Doc. 351-2 at 61; see also Doc. 351-2 at 1-60, 62].

## II. STANDARD OF REVIEW

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that courts are to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether the petitioner is entitled to any relief on the claims set forth therein. After examining the record in this matter, the Court finds that the motion to vacate can be resolved without an evidentiary hearing based on the record and governing case law. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III. DISCUSSION

When an initial motion pursuant to § 2255 has been adjudicated on the merits, a second or successive motion under the statute must be certified by the court of appeals before it may be filed with this Court. 28 U.S.C. § 2255(h). To certify a second or successive § 2255 motion for filing

2

with this Court, the court of appeals must find that the motion contains either: "(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." Id.

As noted, Petitioner previously filed a motion to vacate the same criminal conviction and sentence he challenges here, which was dismissed on the merits, and he now provides evidence that his request for authorization from the Fourth Circuit to file a second or successive § 2255 motion was denied. Consequently, the Court lacks jurisdiction to consider the instant motion to vacate, and it must be dismissed. See United States v. Winestock, 340 F.3d 200, 205 (4th Cir. 2003).

## IV. CONCLUSION

For the foregoing reasons, the Court will dismiss Petitioner's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 for lack of jurisdiction because the motion is a successive petition and Petitioner has not first obtained permission from the Fourth Circuit Court of Appeals to file the motion.

Pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

**IT IS, THEREFORE, ORDERED** that Petitioner's Motion to Vacate [Doc. 351] is **DISMISSED** as a successive petition.

**IT IS FURTHER ORDERED** that the Court declines to grant a certificate of appealability.

**IT IS SO ORDERED.**

Signed: August 14, 2024

*[signature]*

Robert J. Conrad, Jr.
United States District Judge